CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

September 12, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONATHAN FRANCIS OWEN, | ) |
| | ) Civil Action No. 7:22-CV-675 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| E. SCHMIDIT, et al., | ) By: Hon. Robert S. Ballou |
| | ) United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

Defendants Sgt. Garris, Shakir, Piotter, Lockwood, Williams, and Schmidit move to dismiss this civil rights action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff Jonathan Francis Owen, an inmate proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against Defendants in their individual capacities, alleging violations of Northwestern Regional Adult Detention Center's ("NRADC") internal policies, excessive force, and sexual harassment. I **GRANT** Defendants' Motion to Dismiss and dismiss this case without prejudice.

### I.   Background

The Amended Complaint alleges the following facts.[1] While Owen was in the shower or bathroom in booking at NRADC, Sgt. Garris instructed Shakir, Piotter, Lockwood, Williams, and Schmidit to "rip" Owen's clothing off. Dkt. No. 6, p. 2. Owen offered to take his clothes off himself, but Lockwood, Piotter, and Schmidit proceeded to "rip[] off [Owen's] jumper and boxers." *Id.* at 2–3. Owen was punched and kneed by Schmidit sometime prior to this, which caused Owen to soil his boxers. *Id.* After Owen's clothing was removed, Schmidit began showing off Owen's boxers "like he was proud of what he made [Owen] do by soiling [his]

---

[1] Owen does not state with any degree of specificity when the allegations in the Amended Complaint occurred.

boxers." *Id.* Piotter and Schmidit then made several comments, including: "damn these gripers are broke;" "shitty little ass;" and "we got a skid mark and water leak," which Owen perceived to be about his body and boxers. *Id.* at 3. Owen asserts that these comments and acts amount to sexual harassment and violate the NRADC's internal guidelines. *Id.* Owen seeks damages for the "mental and social derogatoriness" of Defendants' actions. *Id.* at 4.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of a cause of action")).

I accept all factual allegations in the complaint as true and draw all reasonable inferences in Owen's favor as the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions, however, are not entitled to the same presumption of truth. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of the cause of action"). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable actual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of

facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

As a *pro se* litigant, Owen's pleadings are afforded liberal construction and held to a less stringent standard than formal pleadings drafted by counsel. *See Erickson*, 551 U.S. at 94. Moreover, when a 12(b)(6) motion involves a civil rights complaint, "[the Court] must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (internal quotation marks and citation omitted). However, even a *pro se* Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### III. Discussion

Owen's allegations of sexual harassment and excessive force are properly analyzed under the Eighth Amendment, with 42 U.S.C. § 1983 supplying the cause of action.[2] The Eighth Amendment's prohibition of cruel and unusual punishment "applies to claims by prisoners against corrections officials challenging conditions of confinement." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). The Fourth Circuit has

---

[2] Defendants correctly note that Owen's allegations that Defendants breached internal prison policies does not create a violation of federal law actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation. *See Jackson v. Sampson*, 536 F. App'x 356, 357–58 (4th Cir. 2013) (citing with approval *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)) Thus, the issue is whether the facts set forth in the Amended Complaint allege an Eighth Amendment violation.

made clear that "[o]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). In particular, "a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions" or "demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* (internal quotations and citations omitted). And to satisfy the subjective component, a prisoner must show that a prison official actually knew of and disregarded an objectively serious condition, medical need, or risk of harm. *Id.*

### A. Sexual Harassment

Owen's allegations of sexual harassment fail to give rise to an Eighth Amendment violation. Owen alleges that the officers' "verbal comments were demeaning and derogatory to me which is sexual harassment." Dkt. 6, p. 3. While prisoners have a right to be free from sexual abuse, the Fourth Circuit has been reluctant to recognize an Eighth Amendment violation where prison officials' conduct amounts to "mere verbal sexual harassment." *Jackson v. Holley*, 666 Fed. App'x 242, 244 (4th Cir. 2016); *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (holding that allegations of verbal abuse and harassment, without more, fail to state a claim under § 1983); *Snodgrass v. Messer*, No. 7:16cv50, 2017 WL 975992, at *5 (W.D. Va. Mar. 10, 2017) (granting motion to dismiss where defendant was alleged to have repeatedly made comments of a sexual nature toward plaintiff), aff'd, 694 F. App'x 157 (4th Cir. 2017).

"[W]here an incident of alleged sexual abuse does not involve physical contact, the alleged misconduct must be severe to implicate constitutional protections." *Bishop v. Lambert*, No. 7:22cv61, 2023 WL 1466621, at *2–3 (W.D. Va. Feb. 2, 2023) (defendant's actions of watching plaintiff urinate on one occasion and using profanity about it does not amount to Eighth

4

Amendment claim); *see also Jackson*, 666 Fed. App'x at 244 (defendant sending one "sexually explicit and lurid" letter; posing "seductively before [Jackson] and whisper[ing] sexually explicit words to [him]," and placing "her groin area in [Jackson's] face while [he] was seated for [his] haircut in the barber's chair" does not amount to an Eighth Amendment violation); *Kokinda v. Penn. Dep't of Corr.*, No. 2:16-CV-1580-MRH-CRE, 2017 WL 3912350, at *1, *2 (W.D. Pa. Sept. 5, 2017) (defendant displaying a "latent sexual interest" for plaintiff and staring at plaintiff's groin area many times "for an uncomfortable duration" while plaintiff was in his boxers in his cell does not state the requisite level of severity to make out an Eighth Amendment claim), *aff'd*, 779 F. App'x 944, 950 (3d Cir. 2019) (unpublished).

Here, Defendants' alleged comments about Owen's body and clothing of "[d]amn those gripers are broke;" "[s]hitty little ass;" and "[w]e got a skid mark and water leak," Dkt. 6, p. 3, are akin to the claims in the *Jackson* and *Kokinda* cases in that they do not reach the required level of objective severity to make out an Eighth Amendment claim.

Owen's allegations that Defendants "ripped off" his "jumper [and] boxers," while in the shower/bathroom in booking at NRADC also fail to rise to an Eighth Amendment claim. Dkt. 6, pp. 2–3.  Not all alleged incidents of sexual misconduct or touching are objectively, sufficiently serious to constitute a violation of the Eighth Amendment. *Jackson, 666 F. App'x at 244*. In the context of a sexual assault, a plaintiff "must allege facts on which he could prove that the unwanted touching had some objectively sexual aspect to it; his own subjective perceptions alone that the contact was of a sexual nature are not sufficient." *Lee v. Kanode*, No. 7:20-CV-00305, 2022 WL 4798263, at *5 (W.D. Va. Sept. 30, 2022). To be actionable, the alleged sexual contact must be incompatible with "contemporary standards of decency." *Helling v. McKinney,* 509 U.S. 25 (1993).

Construing Owen's Complaint broadly, he alleges that the forceful removal of his clothes constitutes actionable sexual contact or an otherwise impermissible invasion of bodily integrity. The facts provided in the Amended Complaint are insufficient to support this allegation. Owen does not allege that the officers touched his genitals or made any specific contact with this body, other than "rip[ping]" his clothes off of him. Owen fails to allege facts indicating that the removal of his clothes involved any sort of sexual proposition or harassment.

Further, Owen provides that the removal of his clothing occurred in booking at the jail. This suggests that the search occurred pursuant to a legitimate security policy rather than from sexual motivation. "[T]he United States Supreme Court has clearly upheld as constitutional random, visual strip searches of inmates, whether convicted felons or pretrial detainees, after they return from opportunities to obtain contraband." *Ellis v. Elder*, No. 7:08cv642, 2009 WL 275316, at *3 (W.D. Va. Feb. 4, 2009) (citing *Bell v. Wolfish,* 441 U.S. 520 (1979)).

Accordingly, the Amended Complaint does not state sufficient facts to allege an Eighth Amendment violation related to the removal of Owen's clothing. *See, e.g., Ellis v. Elder*, 2009 WL 275316, at *3 (dismissing Eighth Amendment claim where, "other than his own perceptions," plaintiff had "fail[ed] to allege facts indicating that Elder intended the pat down contact as any sort of sexual proposition or harassment"); *Caldwell v. Crossett*, No. 9:09cv576, 2010 WL 2346337, at *3 (N.D.N.Y. May 24, 2010) (dismissing Eighth Amendment claim where a corrections officer grabbed plaintiff's testicles during a pat-frisk causing serious pain around his groin area).

### B. Excessive Force

I construe Owen's allegations that he suffered punches and knee strikes, and that these strikes were sufficiently forceful to cause Owen to soil his underwear, as a claim for excessive

force in violation of the Eighth Amendment against Defendant Schmidit. Defendants contend that "[Owen] does not allege that any of the defendants committed these acts," Dkt. No. 18, p. 7; however, the Amended Complaint states: "when E. Schmidit took my boxers he sees [sic] due to the punches and knee strikes I received it made me pee and soil my boxers" and "Schmidit took my boxers and went out of the shower area holding them [sic] showing them off like he was proud of what he made me do by soiling my boxers." Dkt. No. 6, pp. 2–3. Taken together and construed broadly, these statements reflect that Schmidit was responsible for the punches and knee strikes.

In assessing a claim of excessive force under the Eighth Amendment, "[t]he 'core judicial inquiry' ... [i]s not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Allegations that an inmate suffered suffered punches and knee strikes at the hands of a prison official without any factual content describing the circumstances in which the force occurred is not sufficient to state a claim.  Owen does not describe the circumstances which gave rise to the punches and knee strikes at issue, the security threat, if any, posed by Owen or anyone around him, or any other circumstantial detail that would allow the Court to gauge the reasonableness of Defendant[s] actions. "Absent a showing that force was even unreasonably applied, Plaintiff cannot demonstrate that it was applied maliciously and sadistically for the very purpose of causing harm." *Aliff v. West Virginia Reg'l Jail and Corr. Facility Auth.*, No. 2:15cv13513, 2016 WL 5419444, at *6 (S.D.W. Va. Sept. 26, 2016). Owen also does not describe the extent or severity of any injury he received as a result of the force. Because the Court has no basis with which it can perform the required judicial inquiry under the

facts alleged in Amended Complaint, Owen fails to plausibly state a claim for excessive force in violation of the Eighth Amendment. *See Parsons v. Kelley*, No. 720cv319, 2021 WL 4448301, at *4 (W.D. Va. Sept. 28, 2021) (allegation that officer "physically assaulted" plaintiff is too conclusory to allege excessive force).

### IV.    Conclusion

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** and this case is **DISMISSED** without prejudice. Because Owen may be able to address the pleading deficiencies identified in this opinion, leave is **GRANTED** for him to file an amended complaint should he choose to do so. See United States v. DeJoy, 45 F.4th 790, 796-798 (4th Cir. 2022). Owen is granted leave to file an amended complaint within 21 days of the date of this memorandum opinion and order.

Entered:  September 12, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge